UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GERALDINE A. TRICE,<br><br>           Plaintiff,<br>   v.<br>JAMIE DAMION, *et al.*,<br><br>           Defendants. | Case No. 2:16-cv-01348-MMD-NJK<br><br>ORDER |

**I.     INTRODUCTION**

This is Plaintiff's second lawsuit filed in this Court involving an apparent attempt to challenge the non-judicial foreclosure sale of the same property. Before the Court are motions to dismiss ("Motions") filed by the following Defendants: (1) Federal National Mortgage Association ("Fannie Mae") (ECF No. 5); (2) Trina Jackson (ECF No. 6); (3) California Reconveyance, JP Morgan Chase and Chase Home Finance (collectively "JPMC") (ECF No. 13); (4) Kent Larsen, Smith Larsen & Wixom, and Katie Weber (ECF No. 14); (5) Larry Thode (ECF Nos. 17, 25); and (6) Jamie Damion (ECF No. 29). Defendants Robin Sweet and Verise Campbell joined in Fannie Mae's motion (ECF No. 19) while Jamie Damion also joined in Larry Thode's motion (ECF No. 30). Plaintiff has not responded to these motions.

**II.     RELEVANT BACKGROUND**

This case comes before the Court by way of a petition for removal filed by JPMC on June 16, 2016. (ECF No. 1.) As best the Court can discern, the Complaint appears to allege a claim for trespass, although the title of the document identifies other claims,

including a claim for "racketeer influence corrupt organization act." (ECF No. 1-2.) Plaintiff makes no specific allegations as to any of the named defendants, but asserts generally that "the wrongdoers are attempting to administrate my property without rights" and "trick me out of my property." (*Id.* at 2.) The Complaint cites to, and attaches, exhibits A through D, which consist of a list of costs, the legal description for the property,[1] a Notice of Trustee's Sale recorded on May 11, 2016, and a Notice of Default and Election to Sell recorded on April 7, 2011. (*Id.* at 4-10.) Plaintiff names as defendants certain entities including JPMC, National Default Servicing Corporation, Fannie Mae and California Reconveyance Company, as well as a group of individuals. (*Id.* at 2.) The motion for temporary restraining order, filed before removal, seeks to halt the scheduled trustee's sale and appears to be based on Plaintiff's contention that the transfer of her loan from the original lender to JPMC was invalid. (ECF No. 1-3 at 4-7.)

Plaintiff asserts similar allegations in connection with her first lawsuit filed in this Court.[2] *See Thrice v. JP Morgan Chase Bank,* Case No. 2:15-cv-01614-APG-NJK ("First Lawsuit") (ECF No. 1 (complaint)). The Court dismissed Plaintiff's claims against all named defendants. (*Id.* ECF No. 28.) Plaintiff appealed, but her appeal was dismissed for failure to perfect the appeal. (*Id.*, ECF No. 36.)

**III.   DISCUSSION**

As an initial matter, to the extent Plaintiff challenges the Court's jurisdiction, the Court clarifies that it has subject matter jurisdiction. JPMC removed based on federal question jurisdiction, relying on RICO as one of the list of claims identified in the title of the Complaint and the fact that Fannie Mae is a named defendant. (ECF No. 1 at 3.) Plaintiff filed two notices, contending she did not consent to removal. (ECF Nos. 24, 28.) Plaintiff's consent is not required for removal or for the Court to exercise subject matter jurisdiction.

---

[1] The property is located at 5873 Pear Court in Las Vegas, Nevada ("the Property"). (ECF No. 1-2 at 5.)
[2] Plaintiff filed two other unsuccessful lawsuits in state court. (First Lawsuit, ECF No. 28 at 1.)

As noted, Plaintiff has not responded to the Motions. Plaintiff's failure to respond constitutes consent to the Court's granting of the Motions. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.").

Even if the Court overlooks Plaintiff's failure to respond, the Complaint here fails to state a claim and must be dismissed under Fed. R. Civ. P. 12(b)(6). Plaintiff asserts general allegations of wrongdoing without identifying the alleged wrongful conduct or how each defendant purportedly engaged in such wrongful conduct. *See Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."). The Complaint's general conclusory allegations do not permit the Court to draw a reasonable inference of any wrongdoing by Defendants even if the Court construes them with more leniency.[3]

While the Court has discretion to permit Plaintiff leave to amend, the Court declines to give leave to amend. Plaintiff sues some of the same defendants in the First Lawsuit for what appears to be the same alleged conduct relating to the foreclosure proceedings on the Property.[4] Plaintiff is precluded from re-asserting these claims in this action. Accordingly, amendment would be futile.

---

[3] "The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)).

[4] Generally, a court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). There are three exceptions to this rule: (1) a court may consider documents "'properly submitted as part of the complaint' on a motion to dismiss;" (2) if "documents are not physically attached to the complaint," incorporation by reference is proper "'if the documents' authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on them," *Lee v. Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998); and (3) "a court may take judicial notice of 'matters of public record.'" *Id.* (quoting *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986). The Court thus considers the documents attached to the Complaint and takes judicial notice of the matters docketed in the First Lawsuit.


## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of the Motions.

It is therefore ordered that Defendants' motions to dismiss (ECF Nos. 5, 6, 13, 14, 17, 29) and joinders (ECF Nos. 19, 30) are granted. The Complaint is dismissed.

The Clerks is instructed to enter judgment in accordance with this Order.

DATED THIS 17th day of January 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE